Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1154 | **DATE** | May 15, 2003 |
| **CASE TITLE** | Holvek v Ameriquest | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing reset to 6/11/03, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered. Defendant's motion to dismiss is denied in its entirety. Defendant's answer is due by 6/6/03.

(11) ☐ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAY 19 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 9 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| GDS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

GARY W. HOLVECK and MARY L. HOLVECK, )
)
)
Plaintiffs, )
) No. 02 C 1154
v. )
) Judge Robert W. Gettleman
AMERIQUEST MORTGAGE COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gary and Mary Holveck filed the instant lawsuit arising from an August 30, 2000, loan (the "2000 loan") that they obtained from defendant Ameriquest Mortgage Co. In their second amended complaint,[1] plaintiffs allege the following: breach of contract (Count I); violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 et seq. ("ICFA") (Count II); common law fraud (Count III); violation of the Illinois Interest Act, 815 ILCS 205/5 (Count IV); violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and Regulation Z, 12 C.F.R. part 226.23 (Count V); slander of title (Count VI); violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. (Count VII); and a claim seeking declaratory and equitable relief (Count VIII). Defendant answered Counts IV, VI and VII and moved to dismiss Counts I, II, III, V and VIII pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, defendant's motion is denied.

## FACTS

According to plaintiffs' second amended complaint, at the closing of the 2000 loan, defendant presented plaintiffs with two sets of loan documents, which defendant represented

---

[1] Defendant's motion to dismiss Counts I, II, III, V and VIII of plaintiffs' first amended complaint was granted on December 20, 2002.

were identical and did not contain a prepayment penalty. Plaintiffs allege that they signed the second set of documents, which defendant retained. Plaintiffs allege that this second set of documents in fact contain a prepayment penalty, and that the inclusion of that penalty constitutes fraud.

The allegations in plaintiffs' second amended complaint imply two different theories of how defendant committed the alleged fraud: (1) unbeknownst to plaintiffs, the prepayment penalty was included in the documents at the time of signing; and (2) the documents did not contain a prepayment penalty at the time of signing, but rather were subsequently altered to contain the prepayment penalty.

Notwithstanding plaintiffs' inability to articulate how and when the prepayment penalty was inserted into the second set of the 2000 loan documents, the exhibits[2] to the second amended complaint demonstrate that two versions of various documents exist. For example, Exhibits B and I, both entitled "Adjustable Rate Note," contain identical language except for paragraph 5, which is designated as "Borrower's Right to Repay." In Exhibit B, which appears to be plaintiffs' unsigned copy,[3] paragraph 5 states, "I may repay this Note at any time," and is

---

[2] Paragraph seven of the second amended complaint describes Exhibits A through F as documents that "plaintiffs received or signed" in connection with the 2000 loan. Exhibits H through K, in contrast, are described as attachments to defendant's counterclaims, and presumably are the allegedly altered documents that gave rise to the instant dispute.

[3] The second amended complaint contains conflicting allegations as to whether plaintiffs signed the first set of documents that they retained - specifically, Exhibits A through F. Paragraph 17, for example, states, "Ameriquest fraudulently induced plaintiffs to sign two sets of loan documents specifying that there was no prepayment penalty, representing that the two sets of documents were identical, and later altering the second set to contain a prepayment penalty." This allegation is reiterated in paragraph 26, which states, "[Exhibits A, B, C, and D] represent the documents plaintiffs knowingly signed as constituting the terms of their loan." Paragraph 8
(continued...)

2

followed by additional language that is crossed out with typewritten x's. In contrast, in Exhibit I, which is signed and initialed by plaintiffs, paragraph 5 states, "I may prepay this Note at any time as provided for in this paragraph. If, within five years from the date of the execution of the Mortgage or Deed which secures this Note, I make a voluntary or involuntary prepayment during any consecutive twelve month period of any amount in excess of twenty percent of the original principal amount of this Note, I agree to pay a prepayment charge equal to six months advance interest on all amounts paid in excess of my scheduled monthly payments that have come due as of the date of prepayment."

Similarly, Exhibits A and H, both of which are titled, "Truth in Lending Disclosure Statement," contain identical language with the exception of the prepayment section. Exhibit A, which is not signed, provides, "Prepayment: If you pay off your loan early, you [ ] may [x] will not have to pay a penalty." Exhibit H, in contrast, is signed and provides, "Prepayment: If you pay off your loan early, you [x] may [ ] will not have to pay a penalty."

According to plaintiffs, the prepayment penalty fraudulently imposed by defendant stymied plaintiffs' attempt to refinance the 2000 loan in mid-2001, and they suffered damages as a result. Accordingly, their second amended complaint seeks compensatory and punitive damages, as well as a declaration that plaintiffs' note and mortgage does not contain a prepayment penalty. With this background in mind, the court turns to the legal standards governing the instant motion.

---

[3](...continued)
and the exhibits themselves contradict this characterization of events, however. Exhibits A through D were not signed by either plaintiff, and paragraph 8 of the second amended complaint states only that "Plaintiff signed the second set of documents, which were retained by Ameriquest," omitting any reference to the signing of the first set of documents.

3

## DISCUSSION

In its motion to dismiss, defendant argues that plaintiffs have not alleged fraud with sufficient particularity as required under Fed. R. Civ. P. 9(b), and fail to state a claim for breach of contract in Count I.[4] According to defendant, plaintiffs have articulated incomplete, alternative factual scenarios to support their fraud allegations, and thus failed to adequately plead the "who," "what" and "how" elements of defendant's allegedly fraudulent conduct that is challenged in Counts I, II, III, V and VIII. Plaintiffs, although often citing to the standard to dismiss under notice pleading, respond that they have met the pleading requirements of Fed. R. Civ. P. 9(b).

Because the gist of plaintiffs' claims in Counts I, II, III, V, and VIII hinges on defendant's purported fraudulent conduct, the heightened pleading standards embodied in Fed. R. Civ. P. 9(b) apply to the instant motion. According to the Seventh Circuit, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

Although the court is troubled by plaintiffs' failure to articulate a consistent set of facts regarding their signing of the first set of loan documents, the court nonetheless concludes that plaintiffs have adequately stated a claim for fraud. Whether or not plaintiffs signed their set of loan documents is immaterial to the gist of plaintiffs' claims in Counts I, II, III, V, and VIII, which is that defendant fraudulently induced plaintiffs to sign a second set of loan documents that, unbeknownst to them, included a pre-payment charge. Thus, plaintiffs have adequately

---

[4]In its initial motion, defendant also briefly argued that Count VIII, which seeks a declaration that the loan is unenforceable, fails to state a claim. Defendant's reply brief does not further address that argument, however.

4

alleged the "what" and "how" elements of their fraud claims, to the extent that such information is within their control. Plaintiffs need not articulate, at this stage of litigation, the exact method through which the documents were allegedly altered, because such information is exclusively within defendant's possession.

Plaintiffs' failure to identify the name of the Ameriquest representative who was present at the 2000 loan closing is similarly not fatal to their claims. See Mathias v. Accor Economy Lodge, d/b/a Motel 6, 2002 WL 221523, at *3 (N.D.Ill. Feb. 13, 2002) ("The court will not dismiss a complaint simply because plaintiffs do not have the name of [defendant's] agent on duty at a particular time and place.").

The court likewise concludes that plaintiffs have stated a claim for breach of contract in Count I. Although Exhibits H and I contain prepayment clauses, Exhibits A and B do not contain prepayment clauses. Because the crux of plaintiffs' contract claim is that defendant fraudulently doctored the original mortgage documents to include a prepayment clause, the court cannot conclude that plaintiffs have failed to state a claim for breach of contract solely on the basis of the prepayment clauses contained in Exhibits H and I. The validity and enforceability of the prepayment clauses contained in Exhibits H and I is more properly considered on a motion for summary judgment, after the facts surrounding the preparation and execution of the documents have been discovered, rather than on a Fed. R. Civ. P. 12(b)(6) motion. Thus, defendant's motion to dismiss Count I is denied.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is denied in its entirety. Defendant is directed to file an answer to Counts I, II, III, V, and VIII on or before June 6, 2003.

The May 28, 2003, status report is continued to June 11, 2003, at which time the parties are directed to present a comprehensive joint discovery plan.

ENTER:    May 15, 2003

_____
Robert W. Gettleman
United States District Judge